# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRUCE L. BELL,

                Plaintiff,

v.

STANDARD PARKING,

                Defendant.

Case No. 18-CV-1262-JPS

**ORDER**

      Plaintiff Bruce L. Bell, proceeding *pro se*, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). In order to allow a plaintiff to proceed without paying the $400 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B).

      On the question of indigence, although Plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Plaintiff avers that he is employed and earns $900 per month. (Docket #2 at 2). The Court questions this, as discussed below, because Plaintiff lists his employer as Defendant, and his lawsuit concerns being fired from that job. *See* (Docket #1). In any event, Plaintiff's monthly expenses exceed $900 and his other assets are limited. (Docket #2 at 2–3). The Court finds that Plaintiff is indigent. He will be granted leave

to proceed *in forma pauperis* and will not be required to prepay the filing fee in this action.

Notwithstanding the payment of any filing fee, however, when a plaintiff asks for leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff's sparse allegations fall short of even this low bar. He says that he worked for Defendant but does not explain anything about the job. (Docket #1 at 2). Plaintiff says that "Bryant," identified as a "general manager," terminated him on May 17, 2018, without providing a written warning. *Id.* Plaintiff claims to have no idea why he was fired. *Id.* For relief, Plaintiff wants $30,000 "for service pay" and, for an unknown reason, $10,000 for a planned foot surgery. *Id.* at 4. Plaintiff also says he wants "to stop discrimination against people an[d] promote more blacks[.] I also was there 18 [years] only making $10.99 a[n] hour an[d] I should have defin[i]tely been making more money[.]" *Id.*

Plaintiff cites no basis for the Court's subject-matter jurisdiction over his claims. A federal court's jurisdiction is generally limited to two types of suits: (1) those between citizens of different States, called "diversity" jurisdiction, pursuant to 28 U.S.C. § 1332; and (2) those involving causes of action arising under federal law, known as "federal question" jurisdiction, pursuant to 28 U.S.C. § 1331.

Plaintiff claims to be a citizen of Wisconsin, and he lists his employer's address as less than a block from this courthouse in downtown Milwaukee. (Docket #1 at 1; Docket #2 at 2). Because the parties are both citizens of the same state, there can be no diversity jurisdiction in this case. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).

Second, there is no federal cause of action raised by any of Plaintiff's allegations. Federal law does not protect employees from being fired

without cause. It does prohibit employers from terminating people based on certain characteristics, including race. *See* 42 U.S.C. § 2000e-2(a)(1). Though Plaintiff complains generally of "discrimination" against African-Americans, this allegation is not linked to his situation. Indeed, his specific complaint is about a failure to promote African-Americans, rather than anything to do with firing them. In any event, Plaintiff alleges that he does not know the reason he was terminated. The Court thus has no basis to draw an inference that he was terminated because of his race. Further, even if Plaintiff had stated a claim for employment discrimination, he did not allege that he filed a charge of discrimination with the Equal Employment Opportunity Commission or the state Equal Rights Division, as he is required to do before bringing a Title VII employment discrimination action in federal court. *See* 42 U.S.C. § 2000e-5(e).

In light of the lack of diversity or federal question jurisdiction, the Court must dismiss this action for want of subject-matter jurisdiction.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of September, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge